IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| TANYA LEE, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )  CIVIL ACTION NO. 04-0610-CG-C |
| | ) |
| UNITED STATES OF AMERICA, et al., | ) |
| | ) |
|     Defendants. | |

## ORDER

This action is before the court on the motion of Stephen Gatlin to intervene as a party plaintiff pursuant to FED. R. CIV. P. 20(a) and 24(b) (Doc. 20) and the United States' opposition thereto (Doc. 22). The court finds that in the interest of judicial economy, Gatlin should not be joined as a party plaintiff. Therefore, Gatlin's motion to intervene is due to be DENIED.

## BACKGROUND

The instant action involves a challenge to a Bureau of Prisons' policy that impacts whether the plaintiff, who was convicted and sentenced in this court, must serve her term of imprisonment in a prison rather than a halfway house or community correction facility, as recommended by the court. Plaintiff was sentenced to thirteen months, with the court recommending that she serve seven months of the sentence at a halfway house, followed by six months of home confinement. Gatlin was also convicted and sentenced in this court, with the recommendation that he serve his sentence at a community correction center. Prior to the filing of Gatlin's motion to intervene, defendants moved to dismiss this action and that motion is now under submission.

## DISCUSSION

"A party seeking joinder of claimants under Rule 20 must establish two prerequisites: 1) a right

to relief arising out of the same transaction or occurrence, or series of transactions or occurrences, and 2) some question of law or fact common to all persons seeking to be joined." Hubbard v. Haley, 262 F.3d 1194, 1197 (11th Cir. 2001) (quoting Alexander v. Fulton County, Georgia, 207 F.3d 1303, 1323 (11th Cir. 2000)); see also FED. R. CIV. P. 20.  Courts are "to employ a liberal approach to permissive joinder of claims and parties in the interest of judicial economy," however, the decision to allow joinder is discretionary. Alexander, 207 F.3d at 1323 -24.   The court is given discretion to decide the scope of the civil action and to make such orders as will prevent delay or prejudice. Arrington v. City of Fairfield, Ala., 414 F.2d 687, 693 (5th Cir.1969).

The United States contends that joining Gatlin would result in a delay of the dispositive motion currently before the court.  The court agrees. Gatlin has not yet filed a complaint and a separate motion to dismiss would be necessary once his complaint was filed.  Factual differences between Lee's and Gatlin's case may delay and confuse consideration of their respective case.  The court finds that although Gatlin's claims will likely present some questions of law and fact in common with the current case, in the interest of judicial economy, Gatlin should not be joined as a party plaintiff.

## CONCLUSION

For the reasons stated above, the motion of Stephen Gatlin to intervene (Doc. 20) is **DENIED**.

**DONE and ORDERED** this 6th day of September, 2005.

　　　　　　　　　　　　　　　　　　/s/   Callie V. S. Granade
　　　　　　　　　　　　　　　　　　CHIEF UNITED STATES DISTRICT JUDGE