IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| TANYA LEE, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )     CIVIL ACTION NO. 04-0610-CG-C |
| | ) |
| UNITED STATES OF AMERICA, <u>et</u> <u>al.</u>, | ) |
| | ) |
|     Defendants. | |

<u>ORDER</u>

This action is before the court on the defendants' motion to dismiss (Doc. 14), plaintiff's response (Doc. 17), and defendants' reply (Doc. 19). The court finds that the plaintiff can prove no set of facts which would entitle her to relief. Therefore, defendants' motion to dismiss is due to be **GRANTED**.

<u>BACKGROUND</u>

The instant action involves a challenge to a Bureau of Prisons policy that impacts whether the plaintiff, who was convicted and sentenced in this court, must serve her term of imprisonment in a prison rather than a halfway house or community correction facility, as recommended by the court. Plaintiff was sentenced to thirteen months, with the court recommending that she serve seven months of the sentence at a halfway house, followed by six months of home confinement. Plaintiff's reporting date was stayed in her criminal case.

Prior to December 2002, BOP P.S. 7310.04 provided that a prisoner might receive CCC placement up to six months, regardless of the length of her term and without regard to the ten percent

1

limitation contained in § 3624(c).  See 18 U.S.C. § 3624(c).  Placement was made based on an

evaluation of § 3621(b)'s factors and without regard to § 3624(c)'s time limitations.   In December

2002, the Department of Justice's Office of Legal Counsel ("OLC") issued a memorandum which

stated that the BOP lacks clear general statutory authority to place in community confinement an

offender who has been sentenced to a term of imprisonment.  The OLC Memo basically concluded that

§ 3624(c) was in fact a limit on the discretionary authority granted to the BOP by § 3621(b).

Following OLC's declaration, the BOP revised its policy to allow inmate transfer to a CCC for only the

last ten percent of their prison term, not to exceed six months.  Under the new policy, only inmates with

less than 10 percent of their imprisonment term remaining could be confined in CCC's.

     "The BOP's change in policy regarding CCC designation has resulted in a stream of lawsuits in

federal district courts throughout the nation." Estes v. Federal Bureau of Prisons, 273 F.Supp.2d 1301,

1305 (S.D. Ala. 2003).  "The grounds for challenging the policy have varied, and courts have been

almost evenly divided in granting and denying relief." Id. (citations omitted).

     In response to these rulings, the BOP proposed, and ultimately adopted, a new set of CCC

placement rules pursuant to the APA's notice and comment procedures.  These new rules are codified

at 28 C.F.R. §§ 570.20, 570.21, and became effective on February 14, 2005.   Although this new

2005 Policy is in some respects distinguishable from its predecessor, the end result is substantively

identical.

> Indeed, under the 2005 Policy, the BOP has simply "explicitly recogniz [ed] its
> discretion under § 3621(b) to designate federal inmates to CCC's ... [and has chosen]
> 'to exercise its discretion categorically to limit inmates' community confinement to the
> last ten percent of the prison sentence being served, not to exceed six months" ',
> Wiesel[v. Menifee, 2005 WL 1036297] at *3 [(S.D.N.Y. May 2, 2005)] (citing 69
> Fed.Reg. 51213 (Aug. 18, 2004)), thus effectively maintaining its policy of limiting

2

CCC placements to the final ten percent of inmates' sentences.  In other words, the 2005 Policy is essential an updated version of the December 2002 Policy. The question before the Court, then, is whether this new version fixes the problems that plagued the old one.

Bialostok v. Apker, 2005 WL 1946480, *3 (S.D.N.Y. Aug. 12, 2005)

## DISCUSSION

A motion to dismiss should not be granted "unless the plaintiff can prove no set of facts which would entitle him to relief."  Martinez v. American Airlines, Inc., 74 F.3d 247, 248 (11th Cir.1996) (quoting Peterson v. Atlanta Housing Authority, 998 F.2d 904, 912 (11th Cir.1993)).  In making this determination, the court must "take all the allegations in the complaint as true, and view the complaint in the light most favorable to the plaintiff." Id.

Plaintiff claims that the BOP's policy change is based upon an erroneous interpretation of its statutory authority and that the designation of a community correction center as a place of imprisonment is appropriate under controlling statutes.  Plaintiff calls into question the manner in which the BOP has chosen to exercise the discretion afforded it by 18 U.S.C. §§ 3621(b) and 3624(c), which together allow the BOP to assign and transfer inmates to and among prison facilities, including facilities designed to help outgoing inmates re-transition into society, such as CCCs.

To the extent plaintiff's challenge is to the policy change that occurred in 2002, that challenge is moot.  The February 2005 policy supercedes the December 2002 policy and plaintiff can no longer assert that the application of the December 2002 policy affects her rights. Moss v. Apker, 2005 WL 1417134 at *3 (S.D.N.Y. May 20, 2005) (citations omitted).  The court will consider plaintiff's claims as a challenge to the February 2005 policy.

The court has been unable to find any case law in this circuit which addresses the new 2005

3

policy.    However, the 2005 policy has been the subject of several opinions issued in the Second

Circuit, the majority of which have upheld it.  Bialostok, 2005 WL 1946480 at *3 (citing Yip v.

Federal Bureau of Prisons, 363 F.Supp.2d 548, 551-52 (E.D.N.Y. Apr. 1, 2005) (upholding 2005

Policy); Wiesel v. Menifee, No. 04 Civ. 9681(DAB), 2005 WL 1036297 (S.D.N.Y. May 2, 2005)

(same); Levine v. Apker, 05 Civ. 3472(CLB), 2005 WL 1417134 (S.D.N.Y. May 20, 2005) (same);

Levine v. Menifee, 05 Civ.1902(RCC), 2005 WL 1384021 (S.D.N.Y. June 9, 2005) (same); Troy v.

Apker, 05 Civ. 1306(GEL), 2005 WL 1661101 (S.D.N.Y. June 30, 2005) (same); Moss v. Apker,

05 Civ. 2676(VM), 2005 WL 1593016 (S.D.N.Y. July 6, 2005) (same); Gentzler v. U.S., 05 Civ.

4521(LTS), 2005 WL 1773684 (S.D.N.Y. July 27, 2005)).

The Bialostok court reasoned as follows:

Having considered these cases, as well as the submissions and arguments of the parties,
the Court is of the opinion that the 2005 Policy is valid, primarily because, under Lopez
v. Davis, 531 U.S. 230 (2001), it is clear that the BOP has the authority to
categorically exercise its discretion to limit CCC placements to the final ten percent of
their sentences. Briefly, in Lopez, the issue was whether the BOP could categorically
exercise its discretion pursuant to 18 U.S.C. § 3621(e) to deny inmates early release.
In upholding the BOP's policy, "[t]he Court reasoned that 'even if a statutory scheme
requires individualized determinations ... the decisionmaker has the authority to rely on
rulemaking to resolve certain issues of general applicability unless Congress clearly
expresses an intent to withhold that authority." ' Wiesel, 2005 WL at *5 (citations
omitted ). Having found no such intent, the Court found that the BOP could rely on
rulemaking--the rule being that early release would never be granted--in exercising its
discretion under § 3621(e).

There is simply no reason to distinguish the BOP's exercise of discretion in this case.
Thus, as in Lopez, the 2005 Policy should be upheld if "1) it does not reflect an
unreasonable interpretation of Section 3621(b); and (2) Congress did not "clearly
express[ ] an intent to withhold [the BOP]s] authority" to regulate its discretion under
Section 3621(b) through adoption of categorical rules." Moss, 2005 WL 1593016, at
*6 (citing Lopez, 531 U.S. at 244). For substantially the reasons set forth in Moss,
2005 WL 1593016, at *6-*8, the Court concludes that the 2005 Policy satisfies both
conditions, and should therefore be upheld unless in doing so petitioner's due process

4

rights are violated, or the Ex Post Facto Clause of the Constitution is violated.

Bialostok, 2005 WL 1946480 at *4 -5.   The Bialostock court went on to find that the petitioner's due process claim failed because the prisoner's expectations were "too ephemeral and insubstantial to trigger procedural due process protections as long as prison officials have discretion to transfer him for whatever reason or for no reason at all." Id. at *5 (quoting Meachum v. Fano, 427 U.S. 215 (1976)). The court, adopting the reasoning set forth in Levine v. Menifee, further concluded that the delay did not effect an increase in punishment and, therefore, did not amount to an Ex Post Facto violation. Id. at *6.

The court finds the analysis in Bialostock and the other district court decisions listed above from the Second Circuit to be persuasive.  The court finds that the 2005 policy should be upheld.  As such, plaintiff can prove no set of facts which would entitle her to relief.

## CONCLUSION

For the reasons stated above, defendants' motion to dismiss (Doc. 14) is **GRANTED** and this case is hereby **DISMISSED**.

**DONE and ORDERED** this 6th day of September, 2005.

/s/   Callie V. S. Granade
CHIEF UNITED STATES DISTRICT JUDGE